CLERK'S OFFICE U.S. DIST. CO[URT]
AT ROANOKE, VA
FILED

JUN 01 2015

JULIA DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| MINNIE BEST, | ) |
| | ) Civil Action No. 3:14CV00018 |
| Plaintiff, | ) |
| | ) **MEMORANDUM OPINION** |
| v. | ) |
| | ) Hon. Glen E. Conrad |
| UNITED STATES OF AMERICA, | ) Chief United States District Judge |
| | ) |
| Defendant. | ) |

Minnie Best filed this action against the United States pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-2680, seeking to recover for injuries that she sustained when she was struck by a vehicle driven by Danis Bruce Williams, Jr., a rural mail carrier employed by the United States Postal Service. The case is presently before the court on the United States' motion for summary judgment. For the following reasons, the motion will be granted.

### Factual Background

The accident at issue occurred on the afternoon of October 19, 2012 in Albemarle County, Virginia. The only witnesses to the accident were Best and Williams. Best suffers from dementia and no longer has any recollection of the accident.

At the time of the accident, Williams was headed north on Scottsville Road (Route 20) from one area of his mail route to another. He was driving a Grumman Long Life Vehicle ("LLV"), which features a driver's seat and vehicle controls on the right side of the vehicle, and a pot mirror that protrudes from the left side of the vehicle.

Best, who was 83 years old at the time of the accident, resides at 1882 Scottsville Road. That portion of Scottsville Road has a single lane in each direction divided by a double line, and a speed limit of 55 miles per hour.

As Williams approached Best's residence at a speed of 45 miles per hour, Williams saw Best standing on the left side of the road. Best's residence was not on Williams' mail route. Nonetheless, upon seeing Best, Williams slowed his vehicle because he thought that she "might be crossing to . . . hand [him] mail or something." Williams Dep. Tr. 16. Best then "backed up into the grass, which [Williams] considered an indicator that she was not." Id. As Williams got closer, however, Best "sprinted into the road . . . at a diagonal like she had to get in front of the vehicle." Id. at 17. Williams slammed on his brakes and swerved to the right in an attempt to avoid hitting Best. He had almost come to a complete stop when Best crossed in front of the LLV and was struck by the pot mirror on the left side.

## Procedural History

Best filed the instant action against the United States on May 5, 2014, asserting a claim for negligence under the Federal Tort Claims Act. Following the completion of discovery, the United States moved for summary judgment. The court held a hearing on the motion on May 26, 2015. The motion has been fully briefed and is ripe for review.

## Standard of Review

An award of summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether to grant a motion for summary judgment, the court must view the record in the light most favorable to the non-movant. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). To withstand a summary judgment motion, the non-movant must produce sufficient evidence from which a reasonable finder of fact could return a verdict in her favor. Id. at 248. "Conclusory or speculative allegations do not suffice, nor does a 'mere scintilla of evidence' in support of [the non-movant's] case." Thompson v. Potomac Elec. Power

2

Co., 312 F.3d 645, 649 (4th Cir. 2002) (quoting Phillips v. CSX Transp., Inc., 190 F.3d 285, 287 (4th Cir. 1999)).

**Discussion**

In actions filed pursuant to the Federal Tort Claims Act, federal courts apply the substantive law of the state in which the act or omission giving rise to the action occurred. Myrick v. United States, 723 F.2d 1158, 1159 (4th Cir. 1983). Under Virginia law, negligence "cannot be presumed from the mere happening of an accident." Colonial Motor Freight Line, Inc. v. Nance, 221 S.E.2d 132, 137 (Va. 1976). Instead, the plaintiff bears the burden of proving "the existence of a legal duty, a breach of the duty, and proximate causation resulting in damages." Atrium Unit Owners Ass'n v. King, 585 S.E.2d 545, 548 (Va. 2003).

Ordinarily, negligence is an issue for the finder of fact to decide. Stout v. Bartholomew, 544 S.E.2d 653, 659 (Va. 2001). "However, when there is no evidence to support a contrary conclusion and, thus, reasonable minds could not differ about the issue . . . , it is a matter of law for a court to decide." Id.; see also Parham v. Albert, 418 S.E.2d 866, 868 (Va. 1992).

Since a finding of negligence must be based on facts sufficient to justify the conclusion that Williams violated some legal duty owed to Best, "it is necessary at the outset to discuss the nature and extent of that duty." Reilly v. Dunnavant, 200 F.2d 213, 215 (4th Cir. 1952). In Virginia, it is well settled that "[t]he driver of a motor vehicle has a duty to use ordinary care to maintain a proper lookout, and to keep his vehicle under proper control." Litchford v. Hancock, 352 S.E.2d 335, 337 (Va. 1987). In discharging these duties, a driver is required to use ordinary care to observe other vehicles and pedestrians on the highway, to see what a reasonable person would have seen, and to react as a reasonable person would have reacted under the circumstances to avoid an accident. Id.; see also Reilly, 200 F.2d at 215 (explaining that a driver of a motor vehicle "is

3

bound to use reasonable care for the protection of pedestrians on the highway, and to proceed with such caution as the circumstances may require to avoid endangering them"). "It is also true that the pedestrian is required to exercise reasonable care for [her] own safety, and the motorist has a right to assume that such care will be employed." Reilly, 200 F.2d at 215.

In the instant case, Williams' undisputed testimony indicates that he was driving under the posted speed limit when he approached Best's residence, that he slowed his vehicle upon seeing Best standing on the left side of the road, and that Best then proceeded to back up into the grass, which indicated to Williams that she was not going to cross the road. When Best suddenly sprinted across the road moments later, Williams slammed on his brakes and swerved his vehicle in such a manner that it missed hitting Best, save for the pot mirror.

On this record, the court concludes that no reasonable finder of fact could conclude that Williams failed to use ordinary care to keep a proper lookout or to react as a reasonable person would have reacted under the circumstances. While Best argues that Williams could have completely stopped his vehicle after he saw her standing on the side of the road, Williams was under no duty to take this particular course of action, or to otherwise anticipate that Best would run across the road, once he saw her retreat into the grass. Instead, Williams had the right to assume that Best was aware of his approaching vehicle and would not suddenly run across the road in front of him. See Reilly, 200 F.2d at 216 (holding that a driver of a motor vehicle was "justified in assuming that the plaintiff was aware of his approach and would not attempt to cross defendant's line of travel in close proximity to his automobile"); see also Sheehy v. Murphy, 380 P.2d 152, 153-54 (Ariz. 1963) ("Generally speaking, a motorist must exercise reasonable care toward pedestrians. But where a pedestrian is standing in a place of comparative safety and apparently sees an approaching automobile, the driver has the right to assume that the pedestrian will remain

4

in that place of safety and will not suddenly step into the path of his automobile.") (internal citations omitted).

It is unfortunate that Williams is unable to offer any insight as to what transpired at the time of the accident. However, Virginia law makes clear that negligence "cannot be presumed from the mere happening of an accident," and that the "burden is on the plaintiff to produce evidence of preponderating weight from which the trier of fact can find that the defendant was guilty of negligence which was a proximate cause of the accident." Farren v. Gilbert, 297 S.E.2d 668, 670 (Va. 1982) (internal citation omitted). Based on the current record, the court is convinced that reasonable minds could not differ as to the issue of negligence, and that the United States is entitled to judgment as a matter of law.*

## Conclusion

For the reasons stated, the court will grant the United States' motion for summary judgment. The Clerk is directed to send copies of this memorandum opinion and the accompanying order to all counsel of record.

ENTER: This 29th day of May, 2015.

*/s/ Glen Conrad*
Chief United States District Judge

---

* Having reached this decision, the court finds it unnecessary to address the issue of contributory negligence. Nonetheless, the court notes that a pedestrian who "fails to see or heed traffic that is obvious and in dangerous proximity and continues into its path" is generally guilty of negligence as a matter of law. Hopson v. Goolsby, 86 S.E.2d 149, 153 (Va. 1955).